# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN R. HARRISON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAMPBELL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00832-BAM (PC)<br><br>ORDER DENYING MOTION TO CERTIFY CLASS ACTION AND APPOINT COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 2) |

　　　Plaintiff Shaun R. Harrison ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed a motion to certify as a class action and appoint counsel on May 30, 2023. (ECF No. 2.) Plaintiff requests certification of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 as appropriate for challenging statewide prison reforms and to award damages to the class. Plaintiff further requests appointment of counsel to represent the class. (*Id.*)

　　　Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners attempting to challenge statewide policies. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Plaintiff's request to certify this case as a class action is also denied. Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Plaintiff has not presented any argument that his case meets these requirements.

In addition, Plaintiff is not an attorney and, for the reasons discussed above, is proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). A non-attorney proceeding *pro se* may bring his own claims to court, but may not represent others. *Johns v. Cty. of San Diego*, 114 F.3d 874,

876 (9th Cir. 1997); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others").  Therefore, it is inappropriate for this suit to proceed as a class action, and the request is denied, without prejudice.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to certify as class action and appoint counsel, (ECF No. 2), is DENIED, without prejudice; and
2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **July 10, 2023**                         /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE