1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

11 SHAUN R. HARRISON,

12          Plaintiff,

13     v.

14 CAMPBELL, *et al.*,

15          Defendants.

16
17
18

Case No.  1:23-cv-00832-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 17)

**FOURTEEN (14) DAY DEADLINE**

19     Plaintiff Shaun R. Harrison ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint was

21 screened, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is before

22 the Court for screening.  (ECF No. 17.)

23 **I.     Screening Requirement and Standard**

24     The Court is required to screen complaints brought by prisoners seeking relief against a

25 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

26 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

27 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

28 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

6    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

7    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

8    To survive screening, Plaintiff's claims must be facially plausible, which requires

9    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

10   for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

11   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

12   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

13   standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

14   **II.    Plaintiff's Allegations**

15   Plaintiff is currently housed at California State Prison at Corcoran, California where the

16   events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) T. L.

17   Campbell, Warden,  (2) Jeffrey Macomber, Secretary of the California Department of Corrections

18   and Rehabilitation ("CDCR"), (3) Defendants John/Jane Does 1-5 are correctional officers, (4)

19   Defendant John/Jane Doe #6, laundry personnel on 3BYard. Plaintiff is suing the defendants in

20   their official and individual capacities.

21   Plaintiff alleges that his cell was searched and violently disheveled which caused Plaintiff

22   mental anguish.  Plaintiff alleges violation under the Constitution and Penal Codes 5054, 5058

23   and Title 15.

24   On May 23, 2022, Corcoran was placed on lockdown status to conduct nonemergency

25   "annual property audit," pursuant to state wide policy implemented in 2016.  The lockdown lasted

26   21 days, not 14 days.

27   From May 23, 2022 until June 12, 2022, all inmates were on lockdown status until the

28   mass search was completed. The lockdown status was accompanied by a Daily Program Status

1   Report issued by the Warden's office and signed by institutional heads.  During the 21 days of

2   lockdown, all correctional officers wore audio video surveillance systems.  Plaintiff, and others

3   similarly situated, were denied access to the dayroom and yard, and deprived of large muscle

4   exercise for 21 days for nonemergency "annual property audit."  During the relevant time,

5   Plaintiff and others similarly situated were routinely denied their showers. [1]

6         On 5/25/22, Plaintiff's cell was searched by Correctional Officers John/Jane Does 1-5

7   who violently disheveled Plaintiff's cell and property causing mental anguish, fear, intimidation,

8   and anxiety.  At 9:00 a.m. Plaintiff was escorted to the recreation yard while officer searched his

9   cell.  Plaintiff was clothed only in his underwear and forced to stay in the sun for 4 hours with no

10  sunblock or clothes for the weather.  Plaintiff was burned by the sun, with a sunburn all over his

11  face and back, causing blisters and the skin to eventually peel away.

12        During the relevant time, Plaintiff and those similarly situated, were denied access to the

13  law library and access to courts.  This denial caused Plaintiff to lose a forward looking claim on

14  his habeas corpus on a Rules Violation Report for delaying a peace officer.  Plaintiff is ADHD

15  and did not hear the officer yell recall. Plaintiff missed a deadline to file his paperwork due to the

16  lockdown.

17        During the relevant period, Plaintiff and those similarly situated, were denied visiting and

18  familial contact.

19        Since arriving at Corcoran, Plaintiff's cell is searched on a random basis once every other

20  month by floor officers doing both a contraband and property audit.  The officer must keep a list

21  of the searches and give the inmate receipts.

22        Plaintiff alleges that CDCR converted to new computerized inmate property inventory in

23  the Strategic Offender Management System ("SOMS").  All floor officer have access to any prior

24  random cell search and the "Annual Property Audit" is not random or served a penological

25  function.

26

27  [1] Plaintiff attempts to bring this action as a class action.  By separate order, the Court denied
    Plaintiff's right to represent a class action, as he is a layperson who cannot represent other

28  inmates. (See ECF No. 11.)

3

1      Plaintiff attaches a number of exhibits to the first amended complaint and incorporates by

2  reference the exbibits.[2]

3      As remedies, Plaintiff seeks a declaration of rights, a preliminary injunction enjoining

4  Annual Property Audits, compensatory and punitive damages.

5  **III.    Discussion**

6      **A.    Federal Rule of Civil Procedure 8**

7      Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

8  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

9  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

11  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

12  its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

13  are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

14  572 F.3d at 969.

15      Here, Plaintiff's complaint is short, but not a plain statement of his claims. Plaintiff is

16  apparently challenging a state-wide policy, but fails to allege the substance of the policy.  As

17  Plaintiff proceeding as class action has been denied, the allegations are unclear what conduct

18  applies to Plaintiff.  Further, Plaintiff's conclusory allegation that the challenged policy fails to

19  serve any penological interest is insufficient.  Plaintiff must provide factual allegations to support

20  his claim.  Plaintiff attaches exhibits, but while "much liberality is allowed in construing pro se

21  complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the

22  court to sift through them to determine if some nugget is buried somewhere in that mountain of

23  papers, waiting to be unearthed and refined into a cognizable claim."  *Samtani v. City of Laredo*,

24  274 F. Supp. 3d 695, 698 (S.D. Tex. 2017).  "The Court will not comb through attached exhibits

25  seeking to determine whether a claim possibly could have been stated where the pleading itself

26  does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits."  *Stewart*

27  _____

[2] The exhibits are his grievances and appeal decisions, portions of Title 15, vendor order receipts,
28  and confiscation receipts.

1    *v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

2    Plaintiff has been unable to cure this deficiency.

3        **B.  Linkage Requirement**

4        The Civil Rights Act under which this action was filed provides:
         Every person who, under color of [state law]...subjects, or causes to be subjected,
5        any citizen of the United States...to the deprivation of any rights, privileges, or
         immunities secured by the Constitution...shall be liable to the party injured in an
6        action at law, suit in equity, or other proper proceeding for redress.

7
     42 U.S.C. § 1983.
8

9        The statute plainly requires that there be an actual connection or link between the actions

10   of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v.*

11   *Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth

12   Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right,

13   within the meaning of section 1983, if he does an affirmative act, participates in another's

14   affirmative acts or omits to perform an act which he is legally required to do that causes the

15   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

16       Plaintiff's complaint fails to link Defendants Warden, Secretary and John/Jane Doe #6 to

17   potential constitutional violations.  Plaintiff was informed that Plaintiff must name individual

18   defendants and allege what each Defendant did or did not do that resulted in a violation of his

19   constitutional rights. Plaintiff was informed that in any amended complaint, Plaintiff should

20   allege what each individual defendant did or did not do that caused the asserted deprivation.

21   Aside from the cell searching officers, Plaintiff has failed to link Defendants.

22       **C.      Supervisory Liability**

23       To the extent Plaintiff seeks to hold Defendants Campbell and Macomber, or any

24   defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be

25   imposed on supervisory personnel for the actions or omissions of their subordinates under the

26   theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d

27   1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009);

28   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he

                                              5

1   or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal

2   connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*

3   *v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord*

4   *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v.*

5   *Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory,

6   supervisory liability exists even without overt personal participation in the offensive act if

7   supervisory officials implement a policy so deficient that the policy itself is a repudiation of

8   constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at

9   977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks

10   omitted).

11         Plaintiff names supervisory defendants.  Plaintiff may not merely rely on these

12   supervising Defendants' responsibilities to ensure the safety and health of the prisoners, because

13   such a claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*,

14   556 U.S. at 677.  Conclusory allegations are insufficient to state the causal link between such

15   defendant and the claimed constitutional violation.  To prove liability for an action or policy, the

16   plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom

17   established by a... policymaker possessed with final authority to establish that policy." *Waggy v.*

18   *Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a

19   supervisory position, the causal link between such defendant and the claimed constitutional

20   violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

21   *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

22   concerning the involvement of supervisory personnel in civil rights violations are not sufficient.

23   See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

24         Plaintiff's conclusory statements, without factual support, are insufficient to state a

25   cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege

26   facts to support that any supervisory Defendant participated in or directed the violations, or knew

27   of the violations and failed to act to prevent them. Plaintiff may not sue an official on the theory

28   that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556

1    U.S. at 679. In other words, the Warden and the Secretary are not liable based solely on their role

2    in supervising prisons.

3        Plaintiff also has failed to plead facts showing that any policy was a moving force behind

4    the alleged constitutional violations. See *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760,

5    2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on

6    a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a

7    'direct causal link' between that policy and the alleged constitutional deprivation.").

8        In this case, it appears Plaintiff alleges that Defendants, who are all supervisory officials,

9    are liable in their individual capacities for violating his Eighth Amendment rights by

10   implementing a policy for property audits.  Plaintiff has not provided any factual allegations as to

11   the substance of the policy, its implementation, or when it went into effect.  And, Plaintiff has

12   failed to allege facts demonstrating that the policy is itself a repudiation of Plaintiff's Eighth

13   Amendment rights.

14       Plaintiff also has failed to plead facts showing that any policy was a moving force behind

15   any deprivation of rights. *See Willard v. Cal. Dep't of Corr. & Rehab*., No. 14-0760, 2014 WL

16   6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy

17   promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct

18   causal link' between that policy and the alleged constitutional deprivation.").  Plaintiff's

19   conclusory allegations that the policy restricted visitation, library, court, etc. are insufficient to

20   state a claim.

21       Plaintiff merely relies on the supervising Defendant's responsibilities to ensure the safety

22   and health of the prisoners, but this claim is based on respondeat superior which is not cognizable

23   under section 1983. *Iqbal*, 556 U.S. at 677. Such conclusory allegations are insufficient to state

24   the causal link between such defendant and claimed constitutional violation.  Plaintiff has been

25   unable to cure this deficiency.

26       **D.   Eleventh Amendment-Official Capacity**

27       The Eleventh Amendment also bars actions seeking damages from state officials acting in

28   their official capacities. *See Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Pena v.*

7

1   *Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). To the extent that Plaintiff seeks

2   damages from Defendants Campbell and Macomber, or any other defendant, in their official

3   capacities, the Eleventh Amendment bars Plaintiff's suit. *See Mitchell v. Washington*, 818 F.3d

4   436, 441 (9th Cir. 2016); *Eaglesmith*, 73 F.3d at 859.

5          **E.  Fourth Amendment – Cell Search**

6          There is no legitimate subjective expectation of privacy that a prisoner might have in his

7   prison cell and, accordingly, "the Fourth Amendment proscription against unreasonable searches

8   does not apply within the confines of the prison cell." *See Hudson v. Palmer*, 468 U.S. 517, 525-

9   26 (1984); *Robins v. Lamarque*, No. C 02-4720 JF (PR), 2007 WL 1241956, at *2 (N.D. Cal.

10  Apr. 27, 2007). "The recognition of privacy rights for prisoners in their individual cells simply

11  cannot be reconciled with the concept of incarceration and the needs and objectives of penal

12  institutions." *Hudson*, 468 U.S. at 526. However, a prisoner is not without remedy "for

13  maliciously motivated searches or calculated harassment unrelated to prison needs." *Robins*, 2007

14  WL 1241956, at *2. While the Eighth Amendment provides protection against cruel and unusual

15  punishment, and the First Amendment protects against certain retaliatory action, the Fourth

16  Amendment does not provide a right itself for prisoner privacy in their cells. *See Hudson*, 468

17  U.S. at 523-24, 528-30; *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Therefore,

18  insofar as Plaintiff claims that he was subject to unreasonable cell searches in violation of his

19  Fourth Amendment rights, such a claim is not cognizable under § 1983 and is subject to

20  dismissal.

21         **F.  Property Deprivation**

22         Insofar as Plaintiff also alleges that any Defendant wrongfully destroyed his property,

23  these allegations also are not sufficient to support a cognizable claim.  Prisoners have a protected

24  interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An

25  authorized, intentional deprivation of property is actionable under the Due Process Clause. *See*

26  *Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455

27  U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an

28  unauthorized intentional deprivation of property by a state employee does not constitute a

1    violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment

2    if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

3          Plaintiff contends that some unnamed Defendant destroyed his property.  As Plaintiff's

4    allegations challenge an unauthorized deprivation of property, due process is satisfied if there is a

5    meaningful post-deprivation remedy available to Plaintiff.  *Id.* Plaintiff has an adequate post-

6    deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th

7    Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable

8    due process claim for the alleged deprivation of his property.

9          **G.   Conditions of Confinement**

10          To state an Eighth Amendment claim, Plaintiff must satisfy both the objective and

11    subjective components of a two-part test. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991);

12    *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, he must allege Defendants deprived

13    him of the " 'minimal civilized measure of life's necessities.' " *Frost v. Agnos*, 152 F.3d 1124,

14    1128 (9th Cir. 1998) (quoting *Wilson*, 501 U.S. at 304). When determining whether an alleged

15    deprivation is objectively sufficiently serious to support an Eighth Amendment claim, the court

16    must consider the circumstances, nature, and duration of the deprivation. *Johnson v. Lewis*, 217

17    F.3d 726, 731–32 (9th Cir. 2000). The "subjection of a prisoner to lack of sanitation that is severe

18    or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."

19    *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

20          Second, Plaintiff must allege facts sufficient to plausibly show each Defendant he seeks to

21    hold liable had a "sufficiently culpable mind." *Wilson*, 501 U.S. at 297. "In prison-conditions

22    cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v.

23    Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, that the official must "kn[ow] of

24    and disregard[ ] an excessive risk to inmate health or safety[.]" *Id.* at 837.

25          Plaintiff's allegation are unclear that he was deprived of showers, outside exercise, or

26    other deprivations for 21 -days.  Plaintiff alleges that he did not get showers "routinely," implying

27    some showers were conducted.  Plaintiff alleges he did not get outside exercise, but he alleges he

28    was escorted to the yard while his cell was searched.  Generally, temporarily unpleasant

9

1    conditions of confinement do not rise to the level of constitutional violations. *See Anderson v.*

2    *County of Kern*, 45 F.3d 1310 (9th Cir. 1995), citing *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th

3    Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)) (in evaluating

4    challenges to conditions of confinement, length of time the prisoner must go without basic human

5    needs may be considered). To be cognizable, temporary conditions of confinement must be severe

6    or prolonged. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a

7    constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006); *Grant v. California*

8    *Dep't of Corr.,* No. 1:17CV00682-DAD-JLT, 2019 WL 1508057, at *7 (E.D. Cal. Apr. 5, 2019)

9    (Plaintiff's allegations do not state that he went without a shower for his entire time at PBSP, but

10   even so, a mere nine days without a shower is too temporary to constitute a violation of the

11   Eighth Amendment.)

12          Even assuming 21 days is outside of constitutional limits, Plaintiff has failed to link any

13   Defendant to the alleged denial of showers, outside exercise, or being left out in the sun too long.

14   Plaintiff does not allege who was involved in denial of showers, exercise or being left outside.

15   Accordingly, Plaintiff fails to state a claim.

16          **H.  First Amendment – Access to Courts**

17          Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*,

18   518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas

19   petitions, and civil rights actions. *Id.* at 354. In order to state a claim for the denial of court

20   access, a prisoner must establish that he suffered an actual injury. *Id.* at 349. "[A]ctual injury [is]

21   actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a

22   filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415

23   (2002) (quoting Lewis, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014,

24   1018 (9th Cir. 2011). Moreover, when a prisoner asserts that he was denied access to the courts

25   and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a

26   non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and

27   (3) a remedy that may be awarded as recompense but that is not otherwise available in a future

28   suit.  *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at

1   413−414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150 (2009)).  To properly plead

2   a denial of access to the courts claim, "the complaint should state the underlying claim in

3   accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently

4   pursued, and a like plain statement should describe any remedy available under the access claim

5   and presently unique to it."  *Christopher*, 536 U.S. at 417–18 (footnote omitted).

6        Plaintiff fails to link any defendant who hindered his right to pursue his habeas petition.

7        Plaintiff also has not alleged whether the underlying claim was non-frivolous.  To state

8   such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-

9   frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."

10  *Christopher*, 536 U.S. at 416.  It is not enough for Plaintiff merely to conclude that the claim was

11  non-frivolous.

12      **I.   Injunctive Relief**

13       Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

14  Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

15  narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

16  and is the least intrusive means necessary to correct the violation of the Federal right." In cases

17  brought by prisoners involving conditions of confinement, any injunction "must be narrowly

18  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

19  relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

20  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond

21  maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

22  preliminary injunction and should not grant such relief unless the facts and law clearly favor the

23  plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir.

24  1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

25      **J.   State Law Claims**

26       To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that

27  the California Government Claims Act requires that a tort claim against a public entity or its

28  employees be presented to the California Victim Compensation and Government Claims Board

1    no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2,

2    945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are

3    conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239

4    (Cal. 2004); *Shirk v. Vista Unified Sch. Dist*., 42 Cal. 4th 201, 209 (2007). To state a tort claim

5    against a public employee, a plaintiff must allege compliance with the California Tort Claims Act.

6    Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or

7    excusing compliance with the requirement subjects a compliant to general demurrer for failure to

8    state a cause of action." *Bodde*, 32 Cal. 4th at 1239.

9         As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to

10   state a claim under California law.

11        To the extent that any Defendant has not complied with applicable state statutes or prison

12   regulations or failed to follow procedures, these deprivations do not support a claim under §1983.

13   Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*

14   *e.g*., *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California

15   Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087,

16   1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional

17   right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal.

18   Oct. 8, 2013) (noting that several district courts have found no implied private right of action

19   under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they

20   occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal.

21   Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the

22   California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC),

23   2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action

24   under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724

25   BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation

26   adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022)

27   (same).

28   ///

## IV.      Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 13, 2023**                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE