1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAUN R. HARRISON,                         No.  1:23-cv-00832-KES-BAM (PC)

12                    Plaintiff,                  ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS TO DISMISS
13          v.                                    ACTION FOR FAILURE TO STATE A
                                                  CLAIM
14    CAMPBELL, et al.,
                                                  (Doc. 19)
15                    Defendants.

16

17          Plaintiff Shaun R. Harrison is a state prisoner proceeding pro se and in forma pauperis in

18    this civil rights action filed pursuant to 42 U.S.C. § 1983.

19          On November 13, 2023, the assigned magistrate judge screened the first amended

20    complaint and issued findings and recommendations, recommending that this action be dismissed

21    for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable

22    claim upon which relief may be granted.  Doc. 19.  Plaintiff was directed to file objections within

23    fourteen (14) days.  *Id.*  Following an extension of time, plaintiff timely filed objections on

24    January 2, 2024.  Doc. 23.

25          In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of

26    this case.  In his objections, plaintiff argues that he was subjected to cell searches that resulted in

27    the destruction of his property.  Doc. 23 at 4.  However, plaintiff's allegations, on their own, do

28    not state a cognizable claim for relief under 28 U.S.C. § 1983 because California's tort claim

1

1  process provides an adequate post-deprivation remedy for the destruction of property.  Doc. 19 at

2  8-9; *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("a negligent or intentional

3  deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an

4  adequate post deprivation remedy.").

5        Plaintiff also objects to the dismissal of his access to court claim, arguing that he was

6  completely denied access to the law library for the period of time of the lockdown and that the

7  denial of access to the law library caused him actual injury because his habeas petition was

8  denied as untimely.  Doc. 23 at 5–6.  However, a plaintiff seeking relief must allege that the

9  denial hindered his efforts to pursue a legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996)

10  (prison law libraries "are not ends in themselves, but only the means for ensuring 'a reasonably

11  adequate opportunity to present claimed violations of fundamental constitutional rights to the

12  courts.'").  As the findings and recommendations note, to state a cognizable claim, plaintiff

13  needed to properly plead the underlying claim as if the underlying claim was being independently

14  pursued along with the remedy for the claim.  Doc. 19 at 11.  Plaintiff fails to identify the

15  underlying claim and does not state sufficient facts to show any merit to such claim, and he fails

16  to state a cognizable claim for denial of access.

17        Having carefully reviewed the file, including plaintiff's objections, the Court finds the

18  findings and recommendations to be supported by the record and by proper analysis.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Accordingly:

1. The findings and recommendations issued on November 13, 2023, Doc. 19, are adopted in full;

2. This action is dismissed with prejudice for failure to state a cognizable claim upon which relief may be granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 21, 2025

_____
UNITED STATES DISTRICT JUDGE

3